# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

|  |  |
|---|---|
| PEGGY CHU, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:17-cv-01256 |
| MICHAEL CEGLIO, *et al.*, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

This case arises from a series of events beginning November 11, 2015, when Mr. Pineda, a maintenance worker at The Exchange at Van Dorn condominium complex (where Plaintiff Peggy Chu resided), reported to Defendant Tammy Fredrickson, the general manager at the complex, that he had seen a woman take a package from the doorstep of one of the condominium units. Defendant Fredrickson allegedly instructed Mr. Pineda to inform the police that the woman he had seen take the package was Plaintiff. Defendant Stephen Riley, an officer employed by the City of Alexandria Police Department, arrived to investigate the theft

and Defendant Fredrickson and Mr. Pineda informed him that Plaintiff had taken the package. Based on the accounts of these two witnesses, Defendant Riley procured a warrant for petit larceny against Plaintiff on December 3, 2015, without Plaintiff's knowledge.

On July 28, 2016, Defendants Michael Ceglio and Mark Aeisi, also police officers employed by the City of Alexandria Police Department, detained and arrested Plaintiff on the warrant after a traffic stop. On October 24, 2016, the charges against Plaintiff were *nol prossed*.

Plaintiff filed suit on November 3, 2017. Her complaint asserted a claim under § 1983 against Defendants Riley, Ceglio, and Aiesi for depriving her of constitutionally protected rights against unreasonable seizure and arrest by obtaining and executing the arrest warrant at issue. She also asserted claims under Virginia common law against Defendant Fredrickson and her employer, FirstService Residential, for negligent or intentional infliction of emotional distress and malicious prosecution. She bases all of her claims on the allegations that Fredrickson falsely identified her to the police as the person who had taken the package, that Officer Riley obtained a warrant on the basis of only two witness statements without verifying the witnesses' credibility, and that Officers Ceglio and Aiesi arrested her on a warrant that did not require physical detention in violation

of Virginia law. The Defendants each filed Motions to Dismiss for Failure to State a Claim. Plaintiff has failed to timely respond to these motions.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In their respective motions to dismiss, the police officer Defendants have each claimed qualified immunity. The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages unless the unlawfulness of the official's conduct is apparent in light of pre-existing law. Anderson v. Creighton, 483 U.S. 635, 639

3

(1987). In order to overcome the protection of qualified immunity, a plaintiff must show that the official's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because Plaintiff has brought a § 1983 action, the crux of her claim rests on whether the Officers' acts deprived Plaintiff of the rights, privileges, or immunities secured by the U.S. Constitution and federal laws. Clipper v. Takoma Park, 876 F.2d 17, 19 (4th Cir. 1989).

The Complaint alleges that Officer Riley relied on the statements of two witnesses who both told him they saw Plaintiff steal a package from another condominium unit's doorstep. Plaintiff asserts that Defendant should have developed further evidence or conducted an investigation into the veracity of the two witness statements before obtaining a warrant. However, all that is required of Officer Riley for him to claim the protection of qualified immunity is that he acted with "objective reasonableness." Torchinsky v. Siwinski, 942 F.2d 257, 260 (4th Cir. 1991). Officer Riley was presented with the consistent testimony of two eye witnesses, and Plaintiff has not alleged any facts to establish a reason why Officer Riley should have been suspicious of their testimony. Thus, the Complaint fails to overcome Officer Riley's qualified immunity protection, and he is thus shielded from liability.

The Fourth Amendment requires that an arrest "must be reasonable under the circumstances." Ashcroft v. Al-Kidd, 563 U.S. 731, 736 (2011). Although Plaintiff alleges that Officers Ceglio and Aiesi violated Virginia law by arresting her for an offense that did not require physical detention, a § 1983 claim "is not predicated on the legality or illegality of an act under state law." Clipper, 876 F.2d at 19. Additional state restrictions on arrest do not alter the Fourth Amendment's protections. See Virginia v. Moore, 553 U.S. 164, 167-174 (2008). Thus, to overcome qualified immunity for Officers Ceglio and Aeisi, Plaintiff must demonstrate that their actions constituted a clear violation of rights guaranteed by the U.S. Constitution, not merely a violation of Virginia law. Plaintiff's Complaint fails to identify a settled Fourth Amendment principle that was violated by the officers, and fails to allege any facts to support the contention that Plaintiff's arrest pursuant to a validly executed warrant was unreasonable. The Complaint therefore cannot overcome the qualified immunity protection to which Officers Ceglio and Aeisi are entitled.

The only claims Plaintiff asserts against Defendant Fredrickson and Defendant FirstService Residential are Virginia common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and

5

malicious prosecution. For the reasons explained below, each of these claims fail.

In order to state a claim for the intentional infliction of emotional distress, a plaintiff must allege that (1) the defendant's conduct was intentional or reckless, (2) the alleged conduct is outrageous and intolerable, (3) the alleged conduct and the plaintiff's emotional distress are casually connected, and (4) the plaintiff's emotional distress is severe. Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 136, 523 S.E.2d 826, 833 (2000).

With regard to the requirement that the alleged conduct be outrageous and intolerable, the Supreme Court of Virginia has held that liability will only be found "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Harris v. Kreutzer, 271 Va. 188, 204, 624 S.E.2d 24, 33 (2006). With regard to the severity requirement, "liability arises only where the distress inflicted is so severe that no reasonable person could be expected to endure it."

Plaintiff has failed to plead facts sufficient to state a prima facie claim of intentional infliction of emotional distress. First, Plaintiff has not alleged that Ms. Fredrickson's conduct was either intentional or reckless. The

Complaint merely alleges that Ms. Fredrickson falsely identified Plaintiff to the police and instructed Mr. Pineda to identify her to the police. There is no allegation that she intended to cause Plaintiff emotional distress or that she should have known that emotional distress would likely result, other than the bare assertion that her conduct was "negligent, intentional, and/or malicious."

Additionally, Plaintiff fails to allege that Ms. Fredrickson's conduct was outrageous or that Plaintiff's distress was severe. Plaintiff's allegation that Ms. Fredrickson falsely identified her and told Mr. Pineda to identify her to the police as the package thief does not meet the high bar prescribed by Virginia law for outrageous conduct. Plaintiff also fails to allege she suffered any severe injuries. In fact, nowhere in the Complaint does she provide any details as to the nature of her injuries. Thus, Plaintiff fails to state a claim against Defendants for intentional infliction of emotional distress. See Harris v. Kreutzer, 271 Va. 202, 204, 624 S.E.2d 24, 33-34 (2006) (upholding dismissal of an intentional infliction of emotional distress claim for failure to state facts sufficient to establish outrageous conduct or severe distress).

As to the claim for negligent infliction of emotional distress, Virginia law requires that the emotional disturbance

7

must be accompanied by some physical injury and that the plaintiff demonstrate a causal connection between the defendant's negligent act, the emotional disturbance, and the physical injury. See Womack v. Eldridge, 215 Va. 338, 340, 210 S.E.2d 145, 147 (1974). Plaintiff fails to state facts supporting her contention that she suffered emotional and physical injuries. Instead, Plaintiff merely requests in her prayer for relief that she be awarded damages "for her physical and mental pain and suffering, and medical and psychological expenses, both past and future." The Complaint does not identify a single injury suffered by the Plaintiff. Additionally, Plaintiff does not allege a causal connection between her injuries and Ms. Fredrickson's conduct. Therefore, Plaintiff fails to state a claim against Defendants for negligent infliction of emotional distress.

Finally, Plaintiff's Complaint asserts a claim for malicious prosecution. In order to sufficiently state a claim for malicious prosecution, the plaintiff must allege that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff. Lewis v. Kei, 281 Va. 715, 722, 708 S.E.2d 884, 889 (2011). Plaintiff fails to plead facts to establish that Ms. Fredrickson's actions were malicious. The Complaint merely

alleges that Ms. Fredrickson falsely identified Plaintiff as the thief, and that Ms. Fredrickson did not personally witness Plaintiff take the package. These facts do not reveal any information as to Ms. Fredrickson's motive or intent. Plaintiff's bare legal conclusion that Ms. Fredrickson acted maliciously is insufficient to state a claim for malicious prosecution against Defendants.

As a final note, on March 12, 2018, Plaintiff filed a Motion to Continue this case until April 1, 2019. The present Motions to Dismiss were noticed for hearing on March 9, 2018, and Plaintiff failed to respond to those motions. The Court finds that Plaintiff's Motion to Continue is untimely.

For the foregoing reasons, this Court finds that the Defendants' Motions to Dismiss should be granted. An appropriate order shall issue.

Alexandria, Virginia
March 26, 2018

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE